JiPER CURIAM.*
On December 13, 1996, this court ordered the applicant to submit to an evaluation by an alcohol and drug abuse professional chosen by the Lawyer’s Assistance Program, Inc. Upon the evaluation’s completion, this court’s appointed Commissioner was instructed to file a Supplemental Report to this court, including findings and an informed recommendation. The Lawyer’s Assistance Program having completed its work, the Commissioner filed his supplement on January 23, 1997. Succinctly, the Commissioner recommends the applicant be admitted to practice law in the state, with the admission predicated on successful completion of the treatment series recommended in the professional counselor’s evaluation. We agree.
In consideration of the Commissioner’s findings and recommendation, as well as applicant’s good faith cooperation throughout the application process, the Commissioner’s recommendation contained in his Supplemental Report is accepted and the substance made the judgment of this court. Upon being sworn in, Mr. Marcel will be permitted to practice law on a conditional basis, subject to his fulfilling the following conditions:
1. The applicant’s license to practice law shall be a conditional one for a period of two years.
122. During this two year period, the applicant shall:
(a) enter into a recovery contract with the Lawyer’s Assistance Program, Inc. for a period of two years;
(b) be monitored by a member of the Committee of Alcohol and Drug Abuse;
(c) be required to comply with such additional conditions as may be imposed on him by the appointed monitor.
3. The applicant shall be responsible for such reasonable costs as are appropriately imposed by the Lawyer’s Assistance Program, Inc., Committee of Alcohol and Drug Abuse, and/or the appointed monitor.
4. A failure to observe the conditions, or a finding of probable cause regarding impermissible conduct dining the two year period may terminate the conditional right to practice law and subject the applicant to all available grievance procedures under the Rules of the Disciplinary Board.
*371 5. If circumstances warrant, the two year conditional probation may be extended by this court.
6. If the applicant relocates outside the State of Louisiana during the two year probationary period, the applicant’s license to practice law in Louisiana shall be terminated and may only be reinstated upon full compliance with the rules and regulations governing admission to the Louisiana Bar.

It is so ordered.

JOHNSON and TRAYLOR, JJ., dissent and would deny admission at this time.

 Knoll, J., not on panel. Rule IV, Part 2, § 3.